# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON ARTHUR,

    Petitioner,

    v.

BUREAU OF PRISONS, *et al.*,

    Respondents.

NO. 3:17-CV-01123

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

## MEMORANDUM

Presently before me is Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 32) to the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Jason Arthur ("Arthur"). For the reasons that follow, the Report and Recommendation will be adopted and the petition will be dismissed for lack of jurisdiction.

## I. Background

Arthur was convicted in 1998 in the United States District Court for the District of Massachusetts on a variety of charges, including racketeering, murder in aid of racketeering, conspiracy to commit racketeering, possession with intent to distribute cocaine base, and conspiracy to distribute cocaine base. *See United States v. Patrick*, 248 F.3d 11, 16 (1st Cir. 2001). Arthur was sentenced to life imprisonment. *See id*.

Arthur filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the First Circuit. *See id*. The First Circuit affirmed the conviction and sentence. *See id*. at 28. The United States Supreme Court denied Arthur's petition for writ of certiorari. *See Arthur v. United States*, 534 U.S. 1043, 122 S. Ct. 620, 151 L. Ed. 2d 542 (2001).

Arthur subsequently filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 on December 19, 2002. *See Arthur v. United States*, No. 03-10033, (D. Mass. Dec. 19, 2002), ECF No. 1. The § 2255 motion was denied on February 15, 2006. *See*

*Arthur v. United States*, No. 03-10033, (D. Mass. Dec. 19, 2002), ECF No. 15. However, the district court granted Arthur a limited certificate of appealability. *See Arthur v. United States*, No. 03-10033, 2007 WL 1933237, at *4 (D. Mass. June 28, 2007). The First Circuit affirmed the judgment of the district court denying Arthur's collateral challenge on October 15, 2008. *See Arthur v. United States*, No. 03-10033, (D. Mass. Dec. Feb. 2, 2009), ECF No. 28.

Arthur filed the instant petition pursuant to 28 U.S.C. § 2241 in this Court on June 20, 2017 while incarcerated at FCI-Allenwood. (*See* Doc. 1, *generally*). Therein, Arthur states: "pursuant to the Supreme Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (US 2013) and *Mathis v. United States*, 136 S. Ct. 2243 (US 2016), Petitioner is actually innocent of being a career offender." (*Id*. at ¶ 13).

On March 12, 2019, after Arnold's petition was fully briefed and he filed a supplement thereto, Magistrate Judge Schwab issued the instant Report and Recommendation presently under review. (*See* Doc. 32, *generally*). Magistrate Judge Schwab recommends that the petition be dismissed for lack of jurisdiction, reasoning that "challenges to sentence enhancements must be brought through § 2255 motions rather than through § 2241 petitions." (*Id*. at 7-8). Magistrate Judge Schwab further notes that the Third Circuit has rejected the claim Arnold advances here. (*See id*. at 8).

Arnold timely filed objections to the Report and Recommendation on March 21, 2019. (*See* Doc. 34, *generally*). Arnold contends that his claim is properly brought in a § 2241 petition because he did not have an earlier opportunity to raise it. (*See id*. at 1). Thus, he requests that he be resentenced based on a new intervening change in law. (*See id*.). The Government filed a timely opposition to Arnold's objections, (*see* Doc. 35, *generally*), to which Arnold replied. (*See* Doc. 36, *generally*). The Report and Recommendations and Arnold's objections thereto are therefore ripe for disposition.

## II. Legal Standard

When objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id*. at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

Arthur, as stated, seeks relief pursuant to 28 U.S.C. § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255.*" Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id*. (citations omitted); *see also* § 2255(e). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3),

2255(h).[1]  The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539.  Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under  § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

> The Third Circuit
>
>> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" - in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*United States v.*] *Tyler*, 732 F.3d [241,] 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.*  Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Id*. at 180.

  If a petitioner improperly challenges a federal conviction or sentence under §

---

[1]   A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004).

Arnold's objections to the Report and Recommendation will be overruled and the Report and Recommendation will be adopted. For one, Arnold's objections are not specific. (*See* Doc. 34, *generally*). Rather than identify specific aspects of the Report and Recommendation which he believes are flawed, Arnold simply points to his prior submissions and the arguments made in those filings. Such objections are "general in nature" and are therefore reviewed for clear error. Finding none, the Report and Recommendation will be adopted and the § 2241 petition will be dismissed for lack of jurisdiction.

Regardless, though, Magistrate Judge Schwab correctly notes that courts in the Third Circuit - and elsewhere - have routinely dismissed § 2241 petitions for lack of jurisdiction that are based on *Mathis* and/or *Descamps*. *See*, *e.g.*, *Kirkland v. English*, - - - F. App'x - - -, 2018 WL 6266132, at *3 (10th Cir. Nov. 30, 2018) ("[Petitioner] cannot seek relief under § 2241 because he was entirely free to raise and test a *Descamps*-and-*Mathis*-type argument in his initial § 2255 motion."); *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *Beadles v. Warden USP Pollock*, 732 F. App'x 344, 344 (5th Cir. 2018) (affirming district court's dismissal of § 2241 petition based on *Mathis*); *Smith v. Warden Lewisburg USP*, 614 F. App'x 52, 55 (3d Cir. 2015) ("*Descamps* does not constitute the rare situation of an intervening change of the law sufficient to apply the 'safety valve' provided by § 2241"); *Henderson v. Grondolsky*, - - - F. Supp. 3d - - -, 2019 W: 1409297, at *5-7 (D. Mass. Mar. 28, 2019) (claims based on *Mathis* and *Descamps* must be brought by way of § 2255); *Wilson v. Baltazar*, No. 18-315, 2018 WL 1907343, at *2 (M.D. Pa. Apr. 23, 2018) ("Wilson also seeks to vacate and correct his sentence in light of *Mathis* and *Descamps*. He cannot do so by means of a § 2241 petition."); *Hughes v. Baltazar*, No. 18-142, 2018 WL 1748120, at *3 (M.D. Pa. Apr. 11, 2018); *Sheppard v. Wilson*, No. 16-1154, 2018 WL 488815, at *2-3 (N.D. Tex. Jan. 19, 2018) (dismissing § 2241 petition based on,

*inter alia*, *Descamps* and *Mathis*); *United States v. Marrero*, No. 16-34, 2017 WL 6557475, at *3 (W.D. Pa. Dec. 22, 2017) ("courts within this Circuit have rejected attempts to raise stand-alone *Mathis* claims under Section 2241."); *Wyatt v. Warden FCI Fort Dix*, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017). Recently, in *Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018), the Third Circuit affirmed the dismissal of a § 2241 petition that relied on the Supreme Court's decision in *Mathis*, explaining that the petitioner failed to show that "*Mathis* constituted an intervening change in law which made available to him the argument that he presents here. . . . [Petitioner] could have, therefore, raise this argument in his initial § 2255 motion."

The same is true here. Arnold has not demonstrated that § 2255 would be inadequate or ineffective, so he cannot proceed by way of § 2241. *See*, *e.g.*, *Valentine v. Spaulding*, No. 17-1770, 2017 WL 6336615, at *2 (M.D. Pa. Dec. 12, 2017).

### IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and Arnold's § 2241 petition will be dismissed without prejudice for lack of jurisdiction.

An appropriate order follows.


April 15, 2019                                    /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                  United States District Judge