# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ARTHUR, | |
| Petitioner, | NO. 3:17-CV-01123 |
| v. | (JUDGE CAPUTO) |
| BUREAU OF PRISONS, *et al.*, | (MAGISTRATE JUDGE SCHWAB) |
| Respondents. | |

## **MEMORANDUM**

Presently before me is the Motion to Alter or Amend Judgment (Doc. 39) filed by Petitioner Jason Arthur ("Arthur"). For the reasons that follow, the motion will be denied.

## I. Background

The pertinent facts were set forth as follows in my April 15, 2019 Opinion:

> Arthur was convicted in 1998 in the United States District Court for the District of Massachusetts on a variety of charges, including racketeering, murder in aid of racketeering, conspiracy to commit racketeering, possession with intent to distribute cocaine base, and conspiracy to distribute cocaine base. *See United States v. Patrick*, 248 F.3d 11, 16 (1st Cir. 2001). Arthur was sentenced to life imprisonment. *See id.*
>
> Arthur filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the First Circuit. *See id.* The First Circuit affirmed the conviction and sentence. *See id.* at 28. The United States Supreme Court denied Arthur's petition for writ of certiorari. *See Arthur v. United States*, 534 U.S. 1043, 122 S. Ct. 620, 151 L. Ed. 2d 542 (2001).
>
> Arthur subsequently filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 on December 19, 2002. *See Arthur v. United States*, No. 03-10033, (D. Mass. Dec. 19, 2002), ECF No. 1. The § 2255 motion was denied on February 15, 2006. *See Arthur v. United States*, No. 03-10033, (D. Mass. Dec. 19, 2002), ECF No. 15. However, the district court granted Arthur a limited certificate of appealability. *See Arthur v. United States*, No. 03-10033, 2007 WL 1933237, at *4 (D. Mass. June 28, 2007). The First Circuit affirmed the judgment of the district court denying Arthur's collateral challenge on October 15, 2008.

> *See Arthur v. United States*, No. 03-10033, (D. Mass. Dec. Feb. 2, 2009), ECF No. 28.
>
> Arthur filed the instant petition pursuant to 28 U.S.C. § 2241 in this Court on June 20, 2017 while incarcerated at FCI-Allenwood. (*See* Doc. 1, *generally*). Therein, Arthur states: "pursuant to the Supreme Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (US 2013) and *Mathis v. United States*, 136 S. Ct. 2243 (US 2016), Petitioner is actually innocent of being a career offender." (*Id*. at ¶ 13).

On March 12, 2019, Magistrate Judge Schwab recommended that the petition be dismissed for lack of jurisdiction because "challenges to sentence enhancements must be brought through § 2255 motions rather than through § 2241 petitions." (*See* Doc. 32, 7-8). Arthur objected to the Magistrate Judge's recommendation. (*See* Doc. 34, *generally*).

I overruled Arthur's objections, adopted the Report and Recommendation, and dismissed the petition without prejudice for lack of jurisdiction on April 15, 2019. (*See* Doc. 38, *generally*). In the accompanying Opinion, I explained that as Arthur's objections were "general in nature", the Report and Recommendation was subject to clear error review. (*See* Doc. 37, 5). Finding none, the Report and Recommendation was adopted. (*See id*.). I also noted that Arthur could not proceed by way of § 2241 because he failed to show that § 2255 was inadequate or ineffective to test the legality of his detention. (*See id*. at 5-6).

Arthur timely filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (*See* Doc. 39, *generally*). The motion to alter or amend judgment has been fully briefed and is ripe for disposition.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment." Fed. R. Civ. P. 59(e). The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It may be used only to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe*

*ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To prevail on a motion for reconsideration under Rule 59(e), the movant must show at least "one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café*, 176 F.3d at 677). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Odgen v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

Arthur's motion will be denied. Arthur has not presented a change in controlling law, cited the availability of new evidence, or identified a clear error of law or fact to prevent manifest injustice. And, as I explained in dismissing the petition without prejudice, Arthur has not demonstrated that § 2255 would be inadequate or ineffective, so he cannot proceed here by way of § 2241. *See, e.g., Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018).

### III. Conclusion

For the above stated reasons, the motion to alter or amend judgment will be denied.

An appropriate order follows.

June 3, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

3